# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1351V
### Filed: August 20, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| SHIRLEY WORTH BODIE, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Elizabeth Muldowney, Esq.*, Sands Anderson PC, Richmond, VA, for petitioner.
*James Daughton, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 5, 2019, Shirely Worth Bodie filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that she developed severe lymphedema and subsequent sequela as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine she received on September 6, 2016. Petition, ECF No. 1.

An entitlement hearing was held on October 8 and 9, 2024. Additional evidence was filed thereafter. Petitioner then filed the present Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 106. Petitioner requests a total of **$218,761.77,** representing $162,267.80 in attorneys' fees, $56,081.02 in costs, and $412.95 for petitioner's out-of-pocket costs. *Id*. at 15. Respondent filed a response on November 11, 2024, deferring to the undersigned

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

to determine whether the statutory requirements and legal standard for an award of interim attorneys' fees and costs were met. Response, ECF No. 108. Respondent noted that the overall amount of time billed by counsel in this case "seems extraordinary", and that it appears that petitioner's counsel billed full hourly rates for travel time rather than half. *Id*. at 2 n.2. Respondent also highlighted that Dr. Feiner, petitioner's treating physician who testified at the entitlement hearing, requests an hourly rate of $900, which is higher than what is typically awarded in the Program, especially for an individual who has never testified in the Program before and testified regarding "a relatively uncomplicated injury." *Id*. at 4-5.

Petitioner filed a reply on December 9, 2024, incorporating her arguments and authorities from her original Motion. Reply, ECF No. 116. She addressed respondent's concern about the hours billed, arguing that the overall hours spent in this matter are reasonable and averaged 50 hours per year of the case. She explained that the 9.2 hours spent searching for an expert noted by respondent were due to the fact that lymphedema is a condition that has not been litigated often in the Program, and it was therefore more difficult and time consuming for her to identify an expert. *Id*. at 2-3. Because of the novelty of the case, she argued that the amount billed pursuing an expert is reasonable. *Id*. at 3-4. Petitioner also addressed Dr. Feiner's rate, noting that Dr. Feiner's testimony was requested by the Special Master. She then reviewed his experience, arguing that while he has not previously testified, "the global amount charged for his expert review is reasonable under the circumstances and should be awarded in full." *Id*. at 4-5.

For the reasons set forth below, petitioner's Motion for Interim Fees is **GRANTED in part**.

## I.     Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

## II.     Discussion

### A.     Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for nearly six years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). During the pendency of her claim, petitioner has filed expert reports from two experts, both of whom testified at an entitlement hearing. One of her experts, Dr. Feiner, is also petitioner's treater. He opined that the subject vaccine exacerbated her existing lymphedema. *See generally* Pet. Ex. 65. In light of her treater's opinion, in addition to the testimony from both parties at hearing, I find that petitioner has satisfied the good faith and reasonable basis requirements to warrant an award of attorneys' fees. Additionally, petitioner has expended significant time and costs in litigating this matter thus far, and while an entitlement hearing has taken place, it will be some time before a decision is complete. In sum, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

### B.     Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates on behalf of Ms. Muldowney: $353 for work performed in 2017, $363 for 2018, $372 for 2019, $388 for 2020, $408 for 2021, $421 for 2022; $450 for 2023; and $475 for 2024. On behalf of Ramon Rodriguez, III, petitioner requests the following rates: $444 for work performed in 2021, $458 for 2022, and $510 for 2024. Finally, petitioner requests the following rates on behalf of the paralegals who worked on her case: $145 for work performed in 2017, $149 for 2018, $151 for 2019, $158 for 2020, $166 for 2021, $177 for 2022, $186 for 2023, and $195 for 2024. Motion for Interim Fees at 9. The requested rates have been awarded in prior cases. *See, e.g., McCarthy v. Sec'y of Health & Human Servs.*, No. 18-1826V, 2025 WL 863501 (Fed. Cl. Spec. Mstr. Feb. 21, 2025); *Eloyan v. Sec'y of Health & Human Servs.*, No. 18-1450V, 2024 WL 3913710 (Fed. Cl. Spec. Mstr. July 8, 2024); *Coleman v. Sec'y of Health & Human Servs.*, No. 19-1476V, 2024 WL 945845 (Fed. Cl. Spec. Mstr. Jan. 31, 2024); *Barmichael Parent & Legal Representative of E.C.B. v. Sec'y of Health & Human Servs.*, No. 22-1636V, 2025 WL 1454048 (Fed. Cl. Spec. Mstr. Mar. 28, 2025). Accordingly, the rates are awarded as requested herein.

C.     **Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

In his Response, respondent deferred to the undersigned to determine whether to award interim fees and on the amount awarded. Nevertheless, he noted that the amount of time billed by counsel seems "extraordinary", specifically citing to an example where Ms. Muldowney spent 9.2 hours searching for an expert. Additionally, he pointed out that counsel billed at the full rate for travel. Response at 2, n.2.

Upon review of the billing records, both Ms. Muldowney and Mr. Rodriguez billed at their full hourly rates for time spent traveling to and from hearing with no indication that any of that time was spent working on the case. Motion for Interim Fees at 108, 109. Counsel is permitted to charge half their hourly rate for time travelling. This results in a **reduction of $2,765**.[4]

I do not find that further reductions are necessary. While the time spent searching for an expert may seem high, it is not unreasonable. Lymphedema is not an injury that is frequently before this Court; thus, it makes sense that counsel may look beyond the typical experts who testify in the Program to find someone with specialized knowledge or training in that field. Finding such an expert who is willing to testify takes time. Therefore, I will not reduce counsel's fees for the time spent looking for an expert. The billing entries on the whole are reasonable and adequately describe the work performed, and the time billed corresponds with that work. Additionally, the overall amount of time billed is reasonable, given that this case was filed nearly six years ago, there is no prior award of fees, several expert reports have been exchanged, and this matter went to hearing where both of petitioner's attorneys appeared in person. Motion for Interim Fees at 87-118.

Thus, I award $159,502.80[5] in attorneys' fees.

**D.      Reasonable Costs**

Petitioner requests a total of $56,493.97 in costs, representing both the costs incurred by counsel petitioner's personal costs. Motion for Interim Fees at 15, 17-50, 55-59, 61, 63, 65-67, 70, 72-74, 76-79, 86. The costs are associated with money expended for copies, medical records requests, postage, travel for hearing, and the filing fee. These costs are routinely awarded in vaccine cases and are supported by the receipts filed. Thus, they are awarded in full.

The remaining costs are associated with petitioner's experts. Petitioner requests a total of $35,000 for Dr. Gershwin, who charged at an hourly rate of $500 for 70 hours of work to prepare four expert reports and testify at the entitlement hearing. Motion for Interim Fees at 51-54, 60, 64,

---

[4] For Ms. Muldowney: .5 x ($475 x 5.2) = $1,235; For Mr. Rodriguez: .5 x ($510 x 6) = $1,530.
[5] $162,267.80 - $2,765 = $159,502.80.

5

68-69, 71, 75. Dr. Gershwin's hourly rate is consistent with what he has been awarded in the past and is reasonable. *See Prepejchal v. Sec'y of Health & Human Servs.*, No. 15-1302V, 2019 WL 2296774, at *3 (Fed. Cl. Spec. Mstr. Apr. 15, 2019); *Gambrill v. Sec'y of Health & Human Servs.*, No. 17-105V, 2018 WL 6787629, at *7 (Fed. Cl. Spec. Mstr. Nov. 29, 2018). I also find the hours spent to be reasonable and adequately documented. Thus, the costs associated with Dr. Gershwin are awarded in full.

Petitioner also requested $12,200 on behalf of her other expert Dr. Feiner, who charged at an hourly rate of $900 for 1 hour to prepare a report and roughly 13 hours to prepare for and testify at the entitlement hearing. Motion for Interim Fees at 62, 80-84. Dr. Feiner is board-certified in plastic surgery with expertise in the surgical management of lymphedema, particularly in lymphedema associated with breast cancer surgeries, lymph node removal, and radiation treatment. Petitioner was Dr. Feiner's patient. *See* Pet. Ex. 65; Pet. Ex. 87. The requested rate is significantly higher than what experts in the Program are generally awarded. Experts in similar fields (such as dermatology) have been awarded an hourly rate of $500. *See, e.g., Holt v. Sec'y of Health & Human Servs.*, No. 18-1662V, 2023 WL 9099688, at *1 (Fed. Cl. Spec. Mstr. Nov. 27, 2023). Thus, the requested rate requires adjustment. This results in a **reduction of $5,200**, bringing the total award for costs associated with Dr. Feiner to $7,000.[6] Otherwise, I find the hours he spent on this matter to be overall reasonable.

Thus, petitioner is awarded $51,293.97[7] in costs.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED in part.** Accordingly, I award a total of **$210,796.77,** representing $159,502.80 in attorneys' fees and $51,293.97 in costs, **to be paid through an ACH deposit to petitioner's counsel Elizabeth Muldowney's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[8]

**IT IS SO ORDERED.**

s/ **Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] 14 hours x $500 = $7,000.
[7] $56,493.97 - $5,200 = $51,293.97.
[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.